FILED
John E. Triplett, Acting Clerk
United States District Court

*By MGarcia at 9:24 am, Nov 04, 2020*

I N THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| GEOFFREY GRAHAM, | |
| Plaintiff, | CIVIL ACTION NO.: 5:20-cv-35 |
| v. | |
| TOMMY BROWN, et al., | |
| Defendants. | |

# O R D E R

Plaintiff, who is proceeding pro se, has informed the Court of his release from detention. Docs. 16, 17. Because Plaintiff filed this cause of action while he was a prisoner and was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, doc. 4, he is still required under the Prison Litigation Reform Act to pay the entirety of the $350.00 filing fee. § 1915(b)(1). Plaintiff was not assessed an initial partial filing fee, and he did not pay any monies toward his filing fee during his period of incarceration. In order for Plaintiff to proceed with this cause of action, the Court **ORDERS** Plaintiff to pay the entirety of the filing fee, $350.00, within 21 days of this Order, as the Court no longer has the means to collect Plaintiff's owed filing fee. As one Circuit Court of Appeals has noted:

> [Section] 1915(b)(1) provides that "if a prisoner brings a civil action or files an appeal in forma pauperis [ifp], the prisoner shall be required to pay the full amount of a filing fee." This obligation, however, applies to both prisoner and non-prisoner litigants. See Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997) ("Section 1915(b)(1) says that prisoners are liable for the full fees, but so is every other person who proceeds in forma pauperis; all § 1915(a) does for any litigant is excuse the pre-payment of fees. Unsuccessful litigants are liable for fees and costs and must pay when they are able."). Unlike non-prisoner ifp litigants, prisoners, while incarcerated, are required to make payments according to the

>scheme set forth in § 1915(b). Thus, [petitioner] should have paid an initial partial appellate filing fee calculated according to the formula set forth in 28 U.S.C. § 1915(b)(1). While he was incarcerated, he should have also paid additional amounts calculated pursuant to § 1915(b)(2)[1] on the basis of his monthly income from the time he filed his notice of appeal to the time of his release from incarceration.

Brown v. Eppler, 725 F.3d 1221, 1230–31 (10th Cir. 2013); see also Harris v. Garner, 216 F.3d 970, 990 n.8 (11th Cir. 2000) (Tjoflat, J., concurring in part and dissenting in part) (approving approach of Fifth and Seventh Circuits that § 1915(b)(1) "requires former prisoners to pay amounts due under the statute through the time of their release in order to continue prosecuting claims while filed in custody").

If Plaintiff cannot pay this amount in one, lump sum payment within 21 days, he may file another motion for leave to proceed *in forma pauperis* within this same 21 days. If Plaintiff wishes to file another *in forma pauperis* motion, he must include information relaying a complete picture of his current financial situation, including an explanation as to his ability to provide basic necessities for himself. Plaintiff must include any information relating to financial assistance he receives, the amount of this assistance, and the name of the entity providing this assistance.

If Plaintiff files a new motion, the Court will review it and determine whether to grant Plaintiff's motion and, if granted, will set a payment schedule for the payment of the remainder of the $350.00 filing fee. This action will not continue until either Plaintiff submits the entire filing fee, $350.00, or moves to proceed on an *in forma pauperis* basis that complies with the Court's directives. Plaintiff's failure to comply with this Order within the prescribed time or to

---

[1] "After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." § 1915(b)(2).

notify the Court of any change in address will result in the dismissal of this cause of action for failure to prosecute and to obey a Court Order.

The Court **DIRECTS** the Clerk of Court to mail a blank copy of the Court's standard, non-prisoner *in forma pauperis* form and this Order to Plaintiff at his last known address.

**SO ORDERED**, this 4th day of November, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA