IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| GEOFFREY GRAHAM, | |
| Plaintiff, | CIVIL ACTION NO.: 5:20-cv-35 |
| v. | |
| TOMMY BROWN, et al., | |
| Defendants. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's claim for monetary damages against all Defendants in their official capacities and Plaintiff's claims against Defendants for the false PREA charge. Because Plaintiff only sued Defendants Hall, Stone, Greco, Webb, Segregation Supervisor, Carelock, Blaine, and Beecher in their official capacities, the Court should **DISMISS** all claims against these Defendants. However, I **FIND** one of Plaintiff's claims may proceed. Specifically, the Court will direct service, by separate Order, of Plaintiff's deprivation of property claim against Defendants Brown and Wilkes, in their individual capacities.

### PLAINTIFF'S CLAIMS[1]

Plaintiff brings this action under § 1983, alleging he was falsely accused of violations of the Prison Rape Elimination Act ("PREA") and complains his property was lost during a transfer

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

to segregation and a "shakedown." Doc. 1. Boyd, another inmate, accused Plaintiff of soliciting sexual favors. Id. at 14.

Because of this accusation, Defendants Blaine and Beecher and an unnamed officer-Defendant removed Plaintiff from his cell and placed him in segregation. Id. Upon arriving at segregation, a prison official, only identified as Defendant Segregation Supervisor, confiscated Plaintiff's property but failed to properly inventory it. Id. at 15. After a segregation hearing, it was determined Plaintiff could be removed from segregation, but Defendant Wilkes refused to return him to his old cell pod, instead placing him in a location designated as 8-QQ. Id. When Plaintiff was transferred out of segregation to 8-QQ, most of his property was not returned to him. Id. Plaintiff was then part of a shakedown, where more property was confiscated, but Plaintiff does not identify the officers responsible for the shakedown or describe any additional confiscated property. Id. at 16.

Following the losses of his property, Plaintiff filed a lost or stolen claim complaint with Defendant Sizemore. Id. Plaintiff also tried to resolve the PREA charge with Defendant Stone and later filed a grievance with Defendant Moore. Id. Plaintiff continued to pursue both his lost or stolen property claim and exonerate himself of the PREA charge, alerting Sergeant Adams and Defendants Sizemore, Wilkes, Brown, Stone, Greco, and Webb of these problems. Id. at 16–19. At the time of filing his Complaint, Plaintiff states he had not received a response regarding his missing property or the false PREA charges against him. Id. at 19. Plaintiff sues all Defendants in their official capacities and Defendants Brown and Wilkes in both their official

2

and individual capacities.  Id. at 12.  Plaintiff seeks monetary damages from Defendants.  Id. at 12–13.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  Id.  The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.  McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

**DISCUSSION**

**I.     Official Capacity Claims**

Plaintiff is suing all Defendants in their official capacities for monetary damages. Doc. 1 at 12. Plaintiff, however, cannot sustain a § 1983 claim for monetary damages against Defendants in their official capacities. States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S. 706, 712–13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Because a lawsuit against a state agency or a state officer in their official capacity is "no different from a suit against the [s]tate itself," such defendants are immune from suit under § 1983. Id. at 71.

Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as employees of Georgia's Department of Corrections. The Eleventh Amendment immunizes Defendants from suit for monetary damages in their official capacities. Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims against Defendants in their official capacities for monetary relief. Accordingly, I **RECOMMEND** the Court **DISMISS** all claims for monetary damages against Defendants in their official capacities under § 1983. Because Plaintiff only sued Defendants Hall, Stone, Greco, Webb, Segregation Supervisor, Carelock, Blaine, and Beecher in their official capacities, all claims against these Defendants should be **DISMISSED**. Thus, the only remaining Defendants would be Defendants Brown and Wilkes.

## II.     False PREA Charge

Plaintiff contends another inmate, Boyd, falsely accused Plaintiff of soliciting sexual favors, which resulted in a PREA charge against him.  Doc. 1 at 14.  Following the false charge, Plaintiff was permitted to make a written statement defending himself but was still placed in segregation.  Id.  Defendants Blaine and Beecher placed Plaintiff in segregation on November 28, 2018.  Id.  On December 3, 2018, Plaintiff was given a segregation hearing with Defendant Wilkes, among others, and Plaintiff ultimately was removed from segregation and returned to general population.  Id. at 15.  Plaintiff, however, claims he was not allowed to clear himself of the PREA charges and Boyd was never punished for filing a false claim.  Id. at 18–19.

Plaintiff's allegations surrounding his disciplinary proceedings fail to state a claim.  A claim that a disciplinary charge was false, standing alone, does not state a claim upon which relief may be granted.  See Lasater v. Herrera, 729 F. App'x 362, 362–63 (5th Cir. 2018) (allegation of a false disciplinary report failed to state a claim, and due process was not implicated where plaintiff lost prison privileges); Harris v. Smith, 482 F. App'x 929, 930 (5th Cir. 2012) (same).  In order to find a deprivation of due process, a plaintiff must first show the requisite liberty interest.  Washington v. Glucksberg, 521 U.S. 702, 719–21 (1997).  A prisoner has a liberty interest, the deprivation of which requires due process, in two situations.  The first arises directly from the Due Process Clause itself, "when a change in the prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court."  Kirby v. Siegelman, 195 F.3d 1285, 1290–91 (11th Cir. 1999).  The second arises from a state law creation of a liberty interest, "when the state has consistently bestowed a certain benefit to prisoners . . . and the deprivation of that benefit 'imposes atypical and significant hardship on

the inmate in relation to the ordinary incidents of prison life.'" Id. at 1291 (quoting Sandin v. Conner, 515 U.S. 472, 484, (1995)).

As a result of the PREA charge filed against him, Plaintiff was placed in segregated confinement for five days. He has not alleged being placed in segregated confinement adds to the sentence imposed against him. In addition, Plaintiff has not demonstrated his discipline in segregated confinement presents "the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." Sandin, 515 U.S. at 486; Thomas v. Warner, 237 F. App'x 435, 438 (11th Cir. 2007) ("Plaintiff's 20 days in isolation was not an excessive, atypical or significant hardship that would implicate the Due Process Clause."). Thus, Plaintiff has failed to state a claim regarding the supposed inadequacies of his disciplinary proceedings.

Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claim regarding a false PREA charge against Defendant Wilkes.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's claim for monetary damages against all Defendants in their official capacities and Plaintiff's claims against Defendants for the false PREA charge. Because Plaintiff only sued Defendants Hall, Stone, Greco, Webb, Segregation Supervisor, Carelock, Blaine, and Beecher in their official capacities, the Court should **DISMISS** all claims against these Defendants. However, I **FIND** one of Plaintiff's claims may proceed. Specifically, the Court will direct service, by separate Order, of Plaintiff's deprivation of property claim against Defendants Brown and Wilkes, in their individual capacities.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate

6

Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 15th day of April, 2021.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA