# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| GEOFFREY GRAHAM, | * | |
| Plaintiff, | * | CIVIL ACTION NO.: 5:20-cv-35 |
| v. | * | |
| TOMMY BROWN, et al., | * | |
| Defendants. | * | |

## ORDER

Before the Court are Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dated April 15, 2021. Dkt. No. 24. In the Report, the Magistrate Judge recommended the Court dismiss Plaintiff's claims for monetary damages against all Defendants in their official capacities and Plaintiff's claims against Defendants for a false Prison Rape Elimination Act ("PREA") charge. Dkt. No. 22 at 1. Because Plaintiff only sued Defendants Hall, Stone, Greco, Webb, Segregation Supervisor, Carelock, Blaine, and Beecher in their official capacities, the Magistrate Judge also recommended the Court dismiss all claims against these Defendants. Id. However, Plaintiff was permitted to proceed with his deprivation

of property claim against Defendants Brown and Wilkes in their individual capacities. Id.

Plaintiff objects to the Magistrate Judge recommending dismissal of Plaintiff's claim regarding a false PREA claim against Defendant Wilkes. Dkt. No. 24. First, Plaintiff argues his claim for a false PREA claim should be permitted to proceed because Defendant Wilkes' handling of the claim violated Plaintiff's Fourteenth Amendment rights. Id. at 1.

Plaintiff's objection that his suit should be permitted to proceed because Defendant Wilkes failure to exonerate Plaintiff from a false PREA charge is without merit. The Magistrate Judge already analyzed whether Plaintiff set out in his Complaint a Fourteenth Amendment claim based on the false PREA charge and the discipline Plaintiff faced as a result of that purportedly false charge. Dkt. No. 22 at 5-6. Plaintiff simply restates the contentions contained in his Complaint but presents no argument or facts which contradicts the Magistrate Judge's analysis of the issue. Moreover, the Court agrees with and adopts the Magistrate Judge's findings and conclusions. Accordingly, Plaintiff's Objection is **OVERRULED**.

Plaintiff also asserts his claim relating to the false PREA against Defendant Wilkes charge should be allowed to proceed because Defendant Wilkes violated Coffee Correctional Facility's Standard Operating Procedure when handling the PREA charge

2

against Plaintiff. Dkt. No. 24 at 1. Plaintiff's claim against Defendant Wilkes related to the false PREA charge still cannot proceed on this basis. "[A]n allegation of non-compliance with a prison regulation by prison officials is not, in itself, sufficient to give rise to a claim upon which relief may be granted." Wilson v. Bussey, No. CV 113-054, 2014 WL 2040109, at *5 (S.D. Ga. May 12, 2014) (citing Sandin v. Conner, 515 U.S. 472, 481-82 (1995) (noting many prison regulations "are primarily designed to guide correctional officers in the administration of a prison" and "such regulations are not designed to confer rights on inmates")). "This Court reviews, 'whether a constitutional right has been infringed, not whether bureaucratic procedures have been violated.'" Nance v. Morales, CV418-165, 2018 WL 6594623, at *2 (S.D. Ga. Nov. 8, 2018) (quoting Rineholtz v. Campbell, 64 F. Supp. 2d 721, 731 (W.D. Tenn. 1999)). Thus, Defendant Wilkes' alleged failure to follow prison regulations regarding PREA charges cannot form the basis for a § 1983 claim. Accordingly, Plaintiff's objection on this basis is also **OVERRULED**.

After an independent and de novo review of the entire record, the Court **CONCURS** with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation as the opinion of the Court, and **OVERRULES** Plaintiff's Objections. The Court **DISMISSES** Plaintiff's claims for monetary damages against

3

all Defendants in their official capacities and Plaintiff's claims against Defendants for a false Prison Rape Elimination Act ("PREA") charge.  Because Plaintiff only sued Defendants Hall, Stone, Greco, Webb, Segregation Supervisor, Carelock, Blaine, and Beecher in their official capacities, the Court **DISMISSES** these Defendants.  Plaintiff's deprivation of property claim against Defendants Brown and Wilkes in their individual capacities remains pending.

SO ORDERED, this ___15___ day of ___May___, 2021.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)